Caruthers, J.,
delivered the opinion of the court.
This was an action of assumpsit brought to recover back money paid on a. contract for land, upon the ground that the sale was void under the statute of frauds, for the want of a sufficient “note or memorandum” in writing signed by the vendor.
The following writing is produced by the defendant, and relied upon as a compliance with the statute, and consequently, a , perfect defence to this action. “Received of John W. Stamps six hundred dollars in part payment of one undivided tract of land, known as the Eoberts tract, bounded on the east by J. Rowland, on the north by the lands of Charles Rowland, and on the west by J. Crawford, and on the south by G. W. Thompson. The payments were made, four hundred dollars on the 15th of May, 1849, and one hundred and fifty dollars 20th of June, 1849, and fifty the 26th August, 1849, making six hundred dollars in all. The tract contained three hundred and thirty acres, cost five dollars and six cents per acre. This 28th Sept., 1849. James M. Sheid.”
His Honor, the circuit judge, charged the jury that the writing was not sufficient under the statute of frauds to bind the parties, and the plaintiff recovered the said sum of six hundred dollars and interest.
The single question is, whether the law, on that point, was correctly declared by the court.
There is much apparent and some real conflict of authority in England, as well as in this country on this subject. The difficulty consists in the application of statutory requirement to the great variety of instrumente *175 presented. The words of our act of 1801, ch. 25, §1, so far as it relates to this subject, are: “Ho action shall be brought, whereby to charge ‘a person’ upon any contract for the sale of lands, tenements and here-ditaments, unless the promise or agreement upon which such action shall be brought, or some memoi’andum or note thereof shall be in writing, and signed by the party to be charged therewith, or some other person by him thereto lawfully authorized.”
Contracts for the sale of lands which are not evidenced by such writing as is required by this act are void, or rather, are taken not to exist at all in law, and money paid upon them, may be recovered back in assumpsit. Patton vs. McClure, Mar. & Yer., 333, 353. Pipkin vs. James, 1 Humph. Rep., 325-9. Ho cases can be excepted out of the statute, which are embraced in its words, even by a court of equity. But here is a writing, and the question still recurs, is it sufficient under the statute? To test this, we need not go beyond our own cases, and those referred to and approved by them. In the case already cited, of Pip-kin vs. James, it is settled that “the note or writing must specify the terms of the agreement.” A memorandum of the sale of lands to be effectual, must be signed by the party to be charged, and must contain the substantial terms of the contract in itself, or in some other writing to which it refers. 14 John. R., 15, and 2 Wheaton, 336. And, again, a writing acknowledging the receipt of a sum of money, being the cash part of consideration on a sale of land, without saying more, is not such a memorandum as will take the case out of the statute of frauds and perjuries.” 4 Bibb, 566, cited.
*176 No particular form of words, or any artificial arrangement of them is required, but the fact of a sale and its terms, embracing a designation of the parties to it, and the land sold must appear with reasonable certainty in the writing relied upon, or some other to which it refers. Less than this cannot satisfy the requirements of the statute. It must show a “contract,” an “agreement” for the sale of lands, on which a suit can be brought against the persons signing it.
Now, does this instrument before us come up to these requirements of the law? Certainly not. It does not show that any sale at all was made, except as it may be implied from the receipt of six hundred dollars in part payment, nor, if a sale was made, does it appear by and to whom, except as this may be inferred from the fact that the money is paid by Stamps to Sheid, and from this fact it does not necessarily follow, that they were the contracting parties; that the one had sold, and the other bought land. It does not appear either, what was sold. The payment was for “one undivided tract of land, known as the Roberts tract, bounded, &c., the tract containing 330 acres, cost $5 06 per acre.” Is this the whole tract undivided, or is it the quantity sold? The tract is undivided, which portion of it is sold according to this writing, one third, or one tenth? Here there is a “note or memorandum” of a contract in the sale of lands, and by which alone, unaided by oral evidence, the law requires it to be established, which does not show the fact of a sale, the parties to the sale, if any was made, nor the thing sold. If these radical defects could all be supplied by conjecture, or parol evidence, *177 there would be no use fox the statute, as the door would be opened to all the frauds and perjuries against which, it was intended to close it.
The course of decisions in .England upon their statute of Charles the II, which have been reported by their courts, by which part performance, and other exceptions have been made to the statute, has not been adopted in this State.
It is judicial legislation, and calculated to defeat the evident object of the law, and the approved policy on which it is founded.
It was the duty of the court to construe this wilting, and he did it correctly.
Let the judgment be affirmed.